WILLIAM E. CHASE, District Attorney, Ashland County
You have asked my opinion regarding the options available concerning a person incapacitated by alcohol who is placed in an approved public treatment facility and thereafter becomes, or continues to be, disorderly. You indicate that the reason for your inquiry is that it has been the experience in your county that some of the incapacitated persons who have been admitted to the approved public treatment facility have thereafter become violent and a danger to themselves or others and the treatment facility does not have either the staff or the facilities to control and protect these persons. *Page 162 
This situation is now governed by sec. 51.45, Stats., the "Alcoholism and Intoxication Treatment Act" which became effective August 1, 1974, pursuant to ch. 198 of the Laws of 1973.
Section 51.45 (1), Stats., entitled "Declaration of Policy" states as follows:
 "It is the policy of this state that alcoholics and intoxicated persons may not be subjected to criminal prosecution because of their consumption of alcoholic beverages but rather should be afforded a continuum of treatment in order that they may lead normal lives as productive members of society."
Section 51.45 (11) (b), Stats., indicates that a person appearing to be incapacitated by alcohol as defined by sec. 51.45
(2) (d), Stats., shall be taken into protective custody and forthwith taken to an approved public treatment facility for emergency treatment.
Section 51.45 (17), Stats., entitled "Applicability of Other Laws; Procedure" provides that:
 "(a) Nothing in this section affects any law, ordinance or rule, the violation of which is punishable by fine, forfeiture or imprisonment."
Violations of law punishable by fine or imprisonment or both are crimes. See sec. 939.12, Stats.
Thus, the question is whether a person who is incapacitated by alcohol may be removed from the approved public treatment facility to the county jail under a charge of disorderly conduct pursuant to sec. 947.01 (1), Stats., if there is probable cause to believe his conduct at the treatment center constitutes disorderly conduct. I conclude that, under these circumstances, a criminal charge may be made, and the person charged taken to the county jail.
It is my opinion that the legislature intended, as indicated by its expressed declaration of policy, to absolve alcoholics and intoxicated persons from prosecution based only upon their consumption of alcoholic beverages. This is further indicated by the legislature's simultaneous repeal of the crime of public drunkenness contained in sec. 947.03, Stats. See sec. 32, ch. 198, Laws of 1973, effective August 1, 1974. *Page 163 
It is my further opinion that by its enactment of sec. 51.45
(17), Stats., as quoted above, the legislature expressly mandated that the Alcoholism and Intoxication Treatment Act is not to operate to shield persons from responsibility for criminal conduct merely because such conduct may be associated with the consumption of alcoholic beverages. Diminished criminal responsibility, or relief from liability, for acts associated with an intoxicated condition of the actor is governed solely by the intoxication defense defined in sec. 939.42, Stats.
I am concerned by language in your letter which indicates that your problem arises from the fact that Ashland County's Alcoholic Treatment Center "does not have the staff or facilities to control" incapacitated persons who are admitted to the treatment center and then become violent. Your letter states:
 ". . . The County Jail is the only place available in the community to handle these types of persons.
 "Our practice under these circumstances, for lack of any better way to handle the patient, is to charge him with disorderly conduct, put him in the County Jail and then dismiss the case if he is found to be in need of treatment (under the Act) . . . At this point the patient has usually calmed down and is no longer violent and can be handled at the treatment center." (Emphasis added.)
If you have no intent of carrying through with the disorderly conduct charge, and the charge's only purpose is to justify or authorize the alcoholic's temporary confinement in the jail, then an unnecessary criminal record has been created. This is clearly inconsistent with the Act's policy providing that the "taking into protective custody" of an incapacitated person "is not an arrest," and that "no entry or other record shall be made to indicate that the person has been arrested or charged with a crime." See sec. 51.45 (11) (b), Stats.
Criminal charges should not be used except when warranted by the facts. It is inappropriate to bring such charges merely to deal with security or other problems involving persons in need of treatment for alcoholism.
A potential viable alternative would be for the proper person or agency in your county to seek approval pursuant to sec. 51.45, *Page 164 
Stats., of a portion of the County Jail as an approved facility for the strictly limited purpose of providing a secure facility for the protection and safekeeping of persons incapacitated by alcohol who have become violent and therefore a danger to themselves and others.
BCL:JM